IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Robert Lee Foster,<br>    Plaintiff,<br><br>vs.<br><br>Bryan P. Stirling, *Director of SCDC*,<br>Medical Branch, and Larry W. Powell<br>*Director of Spartanburg County Jail*,<br><br>    Defendants. | Civil Action No. 9:22-cv-02023-TMC<br><br>**ORDER** |

Plaintiff Robert Lee Foster, a frequent filer in this court, proceeding *pro se* and *in forma pauperis*, (ECF No. 13), filed this action, alleging a violation of his Eighth Amendment rights. (ECF No. 1). The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.). Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the court dismiss this action without prejudice, without leave to amend, and without issuance and service of process. (ECF No. 16). Plaintiff filed objections to the Report, (ECF No. 18), and this matter is ripe for review.

## BACKGROUND

Plaintiff filed this action against Bryan P. Stirling, Director of the South Carolina Department of Corrections ("SCDC"), Larry W. Powell, Director of the Spartanburg County Jail, and "Medical Branch." (ECF No. 1). In his complaint, Plaintiff provides he was arrested on drug charges on October 3, 2007, and was incarcerated at the Spartanburg County jail for seven months. *Id*. at 5. Since that time, he has been transferred to multiple correctional institutions throughout the state. *Id*.

1

In April 2022 and May 2022, Plaintiff provides he underwent testing of his kidneys, lungs, and liver and was informed the results were "clear" and that his organs were "perfectly health[y]." (ECF No. 1 at 6). However, on June 9, 2022, less than two weeks before filing this action, a DHEC representative informed Plaintiff that his blood work revealed the presence of Hepatitis C. *Id*. Plaintiff posits it is "clear" an Eighth Amendment violation occurred as he learned of the diagnosis after spending fourteen years in the SCDC's custody. *Id*. at 4.

According to the complaint, Plaintiff started taking medication for the condition on July 11, 2022. (ECF No. 1 at 5, 7). He indicated he will need x-rays every six months and that the medication, which he was to take for eight weeks, might have side effects. *Id*. Liberally construing his complaint, as relief, Plaintiff seeks to be compensated for the alleged Eighth Amendment violation and for "lack of training of each (SCDC) employee." *Id*. at 7. Plaintiff explains he did not engage in the grievance process prior to filing this complaint because he "just" became aware of the information and "because we both 'no' [sic] that SCDC employees and medical staff[] will do everything to delay this deliberate indifference civil action." *Id*. at 9. He also explains he did not file a grievance because he is "already being held hostage in (SCDC) after learning that [he is] being held in SCDC without a charge or conviction." *Id*. at 10.

The magistrate judge issued an order, informing Plaintiff of the numerous deficiencies in his complaint. (ECF No. 13). For example, she noted Plaintiff's pleadings fail to set forth any specific facts to support a claim that the named defendants acted with deliberate indifference to any serious medical need of Plaintiff. *Id*. at 2-3. Additionally, she concluded Plaintiff did not allege any facts to establish supervisor liability as to Defendant Stirling and/or Defendant Powell and that Defendant Medical Branch should be dismissed because it is not a person amenable to suit under § 1983. *Id*. at 3-4. She also provided the case is subject to summary dismissal because Plaintiff

2

failed to exhaust his administrative remedies. *Id*. at 4. To the extent Plaintiff seeks to have his conviction overturned or to be released from prison, the magistrate judge informed him that those are not available remedies in a § 1983 claim. *Id*. at 5. Additionally, to the extent Plaintiff is attempting to bring claims for monetary damages for his criminal conviction, the magistrate judge noted such claims are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). *Id*.

Pursuant to that same order, the magistrate judge granted Plaintiff twenty-one days to file an amended complaint to cure the deficiencies identified therein. (ECF No. 13 at 6). She warned Plaintiff that failure to file an amended complaint or failure to cure the deficiencies she identified in her order will result in her recommending that the action be dismissed with prejudice and without leave for further amendment. *Id*. She also instructed Plaintiff to bring his case into proper form within twenty-one days and advised that failure to do so may result in the dismissal of his case. *Id*. at 6-7. When Plaintiff failed to file an amended complaint and to bring his case into proper form, the magistrate judge issued her Report, (ECF No. 16), recommending the court dismiss this action, without prejudice, without leave to amend, and without issuance and service of process for the reasons set forth in her order at ECF No. 13 ***as well as for failure to prosecute***. Plaintiff filed objections to the Report. (ECF No. 18).

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report ***to which a specific objection*** is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C.

§ 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460-61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require

4

them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985))).

## DISCUSSION

Following the issuance of the Report, Plaintiff filed objections as well as multiple letters with the court. (ECF Nos. 18, 20, 22, 23, and 24). However, as will be discussed, Plaintiff has failed to address *each* of the grounds set forth in the Report that independently warrant dismissal of his case. Additionally, on the matters he does address, Plaintiff fails to specify which of the magistrate judge's findings he contests.

For example, Plaintiff failed to set forth any reason why his case should not be dismissed for failure to exhaust his administrative remedies or for failure to bring his case into proper form. Either of these issues independently warrants dismissal of this case, yet Plaintiff objected to neither. Because Plaintiff does not take issue with the magistrate judge's findings on these matters, the court must only review her findings on such issues for clear error. *Elijah*, 66 F.4th at 460-61. Having found none, the court **AGREES WITH AND ADOPTS** the magistrate judge's recommendation that this action be **dismissed without prejudice, without leave to amend, and without issuance and service of process**. While the above ruling is sufficient to dispose of this case, out of an abundance of caution, the court also provides a brief discussion of Plaintiff's objections as additional support for its disposition of this case.

Plaintiff's objections concern his hepatitis diagnosis as well as his conviction. As to the latter, while he spends a large portion of his objections challenging his conviction, Plaintiff fails to address the magistrate judge's determination that any attempts to have his conviction overturned or to be released from prison are barred in this § 1983 action. Plaintiff also does not dispute the

magistrate judge's determination that any claims for monetary damages as to his criminal conviction should also be barred. The court has reviewed the magistrate judge's findings on these issues, and, having found no clear error, the court agrees with her recommendation that such claims should be dismissed.[1]

As to his hepatitis diagnosis, in his complaint, Plaintiff appears to allege his Eighth Amendment rights were violated because he contracted hepatitis while in the SCDC's custody. As the magistrate judge correctly pointed out, Plaintiff failed to state a claim for deliberate indifference against the named defendants and has not alleged facts to establish supervisory liability as to Defendant Stirling and/or Defendant Powell.[2] Plaintiff does not attempt to challenge the magistrate judge's findings on these issues in his objections nor does he dispute the magistrate judge's finding that Defendant Medical Branch should be dismissed. Instead, Plaintiff changes his Eighth Amendment argument altogether.

In his objections, Plaintiff now contends he was never infected with the virus and that he was misdiagnosed. (ECF No. 18 at 3-4). He argues "the deliberate indifference" occurred "when the defendants made the wrong diagnos[is] of Hepatitis C" and prescribed him medication "without any actual proof" that he was sick. *Id* at 4. Plaintiff also states he is "addressing the sole issue of being put on medication without being exam[ined] by a doctor[] or nurse." *Id*. at 1-2. He

---

[1] Plaintiff had also been advised on multiple occasions prior to filing this action that a section 1983 claim is not the proper mechanism for challenging his conviction or for seeking compensation for his imprisonment. *Foster v. Powers*, 9:15-cv-1611, dkt. entries 17, 22 (D.S.C. 2015); *Foster v. Reynolds*, 9:15-cv-217, dkt. entries 10, 15 (D.S.C. 2015); *Foster v. Cole*, 3:09-cv-452, dkt. entries 12, 18 (D.S.C. 2009); and *Foster v. Powers*, 3:08-cv-25, dkt. entries 37, 47 (D.S.C. 2008).

[2] Though not mentioned in the Report, Plaintiff also lists as a defendant in his complaint "Dir. of Mental Health." (ECF No. 1 at 3). However, he makes no reference to the mental health director in his complaint, objections, or multiple letters filed with the court. Thus, the court finds the director of mental health is also subject to dismissal as Plaintiff has failed to set forth any allegations against the defendant.

claims such action put his life in danger and constitutes medical malpractice. *Id*. at 4. That said, he acknowledges in both his complaint and his objections that it was *DHEC* that made the diagnosis and that prescribed the medication. (ECF Nos. 1 at 4-8; 18 at 5). However, neither DHEC nor any of its employees are parties to this suit, and Plaintiff has failed to set forth any allegations as to the named defendants and his medical care in order to state a claim for deliberate indifference.[3] Accordingly, the court agrees with the magistrate judge's recommendation that Plaintiff's case be dismissed for failure to state a claim upon which relief may be granted.

## CONCLUSION

Having thoroughly reviewed the record, the Report, Plaintiff's objections to the Report, and the letters Plaintiff filed with the court, the court agrees with the magistrate judge's conclusions and finds no reason to deviate from her recommended disposition as set forth in the Report. Accordingly, the court **ADOPTS** the Report (ECF No. 16), which is incorporated herein. This action is hereby **DISMISSED** without prejudice, without leave to amend, and without issuance and service of process.[4]

---

[3] Next to his signature in his objections, Plaintiff also provides "I am being charged for medicine, such as blood pressure, diabetes, which I have not saw a doctor or physical examination by the same doctor." (ECF No. 18-1 at 1). In his letter filed at ECF No. 22, he also mentions he has been prescribed medicine by Dr. June Smith without a physical examination. These issues appear to have been raised in other cases filed with the court and are unrelated to the hepatitis issue from which this case arose. Indeed, next to his signature, Plaintiff provides the number to an earlier case wherein he alleged he received treatment without being examined by a doctor. (ECF No. 18-1 at 1). Therefore, because his objections raise entirely new issues rather than arguments, the court finds said issues are not properly before it. *Hubbard v. Stirling*, 2020 WL 5249231, *2 (D.S.C. 2020). However, even assuming the issue of Plaintiff taking, or being charged for, medication prescribed by a doctor who has not physically examined him is properly before the court at this time, the court again notes there are no allegations as to the named defendants and his medical care, and Plaintiff has not alleged sufficient facts to establish supervisory liability as to Defendant Stirling and/or Defendant Powell.

[4] In addition to his objections and subsequent letters, Plaintiff filed with the Clerk what has been docketed as a "motion to be released." (ECF No. 21). In that motion, Plaintiff maintains his

7

**IT IS SO ORDERED.**

                                                                                 s/Timothy M. Cain
                                                                                 United States District Judge

Anderson, South Carolina
April 18, 2024

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

innocence and requests the court release him from the SCDC. *Id*. The court **DENIES** the motion (ECF No. 21) as Plaintiff's requested relief is not available in this action for the reasons already discussed herein as well as in the Report.